IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**UNITED STATES**                                                                                    **PLAINTIFF/RESPONDENT**

V.                          No.  3:13-CV-03079
                            No.  3:09-CR-30015

**DAVID MIDDLETON**                                                                                  **DEFENDANT/PETITIONER**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (ECF No. 30) filed August 14, 2013.  The court did not order the United States of America filed a Response  but entered an Order (ECF No. 32 ) on August 15, 2013 directing the Defendant to file a completed 2255 form and return it to the clerk for filing on or before October 15, 2013. The Clerk sent the appropriate form to the Defendant on August 15, 2013.  The Defendant has failed to return the completed form to the Clerk and his motion is subject to being dismissed.

### I.  Background

A criminal complaint (ECF No. 1) was filed against the Defendant on November 5, 2009 and on December 9, 2009 an Indictment was returned charging the Defendant with four counts of Delivery of Methamphetamine (ECF No. 9).  A Plea Agreement was signed by the Defendant on January 25, 2010 and on that day the Defendant entered a plea of guilty to Counts 2 and 3 of the Indictment charging him with Unlawful Distribution of 5 Grams or More of Actual Meth-amphetamine. (ECF No. 22).  After a PSR was prepared the Defendant was sentenced on May 12, 2010 to 121 months on each count to run concurrently. (ECF No. 29, p. 2). On August 14, 2013 the Defendant filed the current petition under 28 U.S.C. §2255 contending that his sentence

was illegal.

## II.  Discussion

The Defendant filed no appeal and no post conviction motion was filed until August 14, 2013 when the Defendant filed a one page letter as follows:

> Comes now defendant David Ray Middleton to ask this court to correct his sentence on the above case. This court has Jurisdiction under a New Law Ruling under Alleyne V. United States decided June 17, 2013. This case was made retroactive by being substantive ruling. Alleyne stated any element that raise or cause punishment will have to be decide by a Jury and not a Judge as was done in Middleton case above. Alleyne states all 841 B's that raise the mandatory minimum are in violation of the 6th amendment no matter if there was a plea. All 841 B's have to go in front of a Jury and not a Judge.
> Therefore: Middleton ask this court to correct his sentence at this time. (ECF No. 30).

**A.  Failure to Comply:**

The court entered an Order on August 15, 2013 directing the clerk to forward to the Defendant an approved 2255 form and directing the Defendant to compete the form and return the form by October 15, 2013 and informing the Defendant that failure to complete the form "may result in the dismissal of the Defendant's Petition.

The clerk, by docket entry, sent the approved form to the Defendant on August 15, 2013 and, to date, no completed form has been received by the court. The Defendant was advised in the Court's order that failure to complete and return the form would subject his motion to dismissal.

**B.  Alleyne v. United States**

Even if the Defendant's claim was not dismissed for Failure to Comply his claim that his sentence was illegal because of the Supreme Court decision in *Alleyne v. United States* has no merit.

In Alleyne the issue was if the finding as to whether defendant had brandished, as opposed to merely carried a firearm in connection with crime of violence, because it would elevate mandatory minimum term for firearms offense from five to seven years, was an element of a separate, aggravated offense that had to found by the jury.  The Supreme Court held the Sixth Amendment of the U.S. Constitution requires a jury to find beyond a reasonable doubt any fact that increases a mandatory minimum sentence. *See Alleyne* v. United States, 570 U.S. at ––––, 133 S.Ct. at 2162–63. (June 17, 2013).

In the instant case the Defendant was charged with delivery of methamphetamine which, according to the Plea Agreement, occurred by two individual deliveries of drugs which totaled 3 ounces to an individual who was working in cooperation with the 14th Judicial Drug Task Force (ECF No. 22, ¶7). The acts were violations of Title 21 U.S.C. §841(a)(1) and 841(b)(1)(B)(viii) (Id., ¶1) which provides that "such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years".

The Plea Agreement stated the Maximum Penalties that the Defendant faced on his charge of Delivery of Methamphetamine and it also provided that there was a "mandatory minimum term of imprisonment for 5 years per count". (ECF No. 22, ¶8). At the plea hearing the Court specifically informed the Defendant that the minimum sentence was 5 years on each count. (ECF No. 23, p. 9).

The Plea Agreement also informed the Defendant that the Sentencing Guidelines were Advisory (Id., ¶9).  The PSR, which was prepared on March 9, 2010, specifically provided that the statutory provisions were a "term of imprisonment for each count of conviction is not less than five years, nor more than 40 years". (PSR, ¶78).  Three ounces that the Defendant was charged with delivering is equal to 85.049 grams of methamphetamine which falls into Level 26

of the Sentencing Guidelines which is where the PSR started the Offense Level Computation. (PSR, ¶49). The Guideline Range, however, was 97-121 months based upon the Defendant's "total offense level of 30 and criminal history category of I. (PSR, ¶79). The court sentenced the Defendant to 121 months in prison (ECF No. 29) and the statutory minimum sentence played no role in the Defendant's sentence.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of December 2013.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI